# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOHN MONTI,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00650 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **NEW RIVER VALLEY REGIONAL JAIL,** ) | JUDGE JAMES P. JONES |
| ) | |
| ) | |
| Defendant. ) | |

*John Monti, Pro Se Plaintiff.*

Plaintiff John Monti, a Virginia inmate proceeding pro se, has filed a pleading that the court construed and docketed as a civil rights action under 42 U.S.C. § 1983. After review of the Complaint and subsequent submissions, I conclude that the lawsuit as amended must be summarily dismissed as frivolous.

Liberally construed, Monti alleges that while Monti has been confined at the New River Valley Regional Jail (NRVRJ), unspecified officials have not allowed him as much use of the law library as he wants. He filed this § 1983 action seeking to exercise his "right to use law library when requested, without staff sandbagging or denying [his] right to study law." Compl. 1, ECF No. 1. He also appears to seek some compensatory damages.

Monti then submitted a pleading apparently intended as an amendment to the Complaint, stating that unspecified NRVRJ officials were using his cochlear hearing implants to conduct experiments without his consent.  Monti alleges that they are connecting his implants to a radio signal and using "neurological voice utterance to translate" his thought processes.  Additional Evid. 1, ECF No. 3.  As relief for these new claims, Monti seeks monetary damages and a court order directing officials to stop "all radiation systems, radio connections, wifi signals, Bluetooth signals or any means of RF energy."  *Id.*  Monti also seeks examination of his implants by a medical specialist after a jail doctor allegedly caused him some unspecified injury by removing toilet paper from his ears.

In a third submission, Monti asks to amend to bring his claims under a federal statute that governs federal research centers, 10 U.S.C. § 4126.  A fourth submission apparently names websites where Monti has posted pictures of his cochlear devices and refers the court to a "CT Scan" of the devices that is not in the record.  Additional Evid. 1, ECF No. 15.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  A "frivolous" claim is one that "lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Monti identifies the only defendant in this case as the NRVRJ itself. A jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Thus, Monti has no actionable claim against the NRVRJ, and accordingly, I will dismiss his claims against the entity as legally frivolous.[1]

As stated, Monti also seeks to amend his Complaint against the NRVRJ to bring unspecified claims under numerous state, federal, and military statutes. I conclude from his allegations as amended, however, that his purported claims about officials' use of his implants for experimentation must be summarily dismissed as frivolous. My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. Monti's

---

[1] Dismissal of this case without prejudice leaves Monti free to refile his claim about denial of access to the law library or a claim about needing medical attention related to his cochlear implants. To do so under § 1983, however, he must name as defendants persons whose specific, personal actions have deprived him of these services, in violation of his constitutional rights. I make no finding, however, that Monti has any actionable claims under § 1983 regarding law library usage or medical treatment at the NRVRJ. I also note that I find no statutory basis for Monti to bring legal claims on these or any legal issues under the other federal statute that he cites.

contentions in this lawsuit about NRVRJ officials experimenting with his implants fall squarely into this class of claims. Accordingly, I will summarily dismiss the entire action under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: February 1, 2023

/s/  JAMES P. JONES
Senior United States District Judge